**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 26-6445

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH R. BEILHARZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:09-cr-00105-LMB-1)

Submitted:  July 16, 2026                                   Decided:  August 3, 2026

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Joseph R. Beilharz, Appellant Pro Se.  James T. Cole, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2026, the Government filed an application for wage garnishment to enforce a restitution judgment against Joseph R. Beilharz in his criminal case. After the Garnishee filed its answer, Beilharz requested a hearing and claimed certain exemptions, including his obligation to pay child support. The Government thereafter moved for entry of a garnishment disposition order. On March 3, 2026, Beilharz filed a response in opposition raising multiple objections, including that his monthly child support payment had increased to approximately $443.88 and that he was legally obligated to pay $806.19 in health insurance premiums.

The next day, the district court entered a garnishment disposition order. The court explained that a hearing was not necessary because, apart from the child support obligation of $147.97[1] per month, Beilharz's exemption claims were plainly without merit. The court then ordered the Garnishee to pay to the Clerk of Court 25 percent of Beilharz's post-tax wages minus his child support obligation.

The same day Beilharz noted this appeal of the garnishment disposition order, he filed a motion for reconsideration and a motion to stay the garnishment in the district court. The Government opposed the motions. The district court denied the motion to stay but partially granted Beilharz's motion for reconsideration, ordering that his payment of health insurance premiums for his dependent children be deducted from the garnishment figure upon proof of such payment. Thereafter, Beilharz filed a reply to the Government's

---

[1] The child support order actually directed Beilharz to pay $147.96 per month.

2

response in opposition to his motion for reconsideration and attached documents related to his child support and health insurance obligations. Most recently, Beilharz filed a motion for clarification of the order granting partial reconsideration. The Government opposed the motion, arguing that the district court lacked authority to modify the garnishment disposition order because that order is on appeal.

The Government is correct, but that prohibition also applied to Beilharz's motion for reconsideration. Where, as here, a litigant files his notice of appeal and motion for reconsideration on the same day, we consider the notice of appeal to be filed first. *See United States v. Christy*, 3 F.3d 765, 767 (4th Cir. 1993) (abrogated on other grounds by Fed. R. Crim. P. 37 as recognized in *United States v. Armstrong*, 132 F.4th 736, 738 (4th Cir. 2025)). "[A] duly filed notice of appeal deprives a district court of jurisdiction over all issues relating to the subject matter thereof," except the district court may "proceed as to matters in aid of the appeal." *Wolfe v. Clarke*, 718 F.3d 277, 281 n.3 (4th Cir. 2013) (internal quotation marks omitted); *see Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("A appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." (internal quotation marks omitted)).

In criminal cases, when a litigant files a motion for reconsideration "that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the court may" take one of three actions. Fed. R. Crim. P. 37(a). It may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.*

3

What the district court may not do is grant the motion for reconsideration. As we have explained, "allowing district courts to *grant* motions for reconsideration despite a pending appeal would circumvent the purpose of appellate jurisdiction and give appellants an additional bite at the apple: appellants could fight for and obtain the same relief in two federal courts simultaneously." *Armstrong*, 132 F.4th at 738 n.3 (internal quotation marks omitted). Moreover, a district court order granting "the appellant the relief they are seeking . . . would . . . negate the need for, rather than aid in, the appellate process." *Id.*; *see Doe v. Pub. Citizen*, 749 F.3d 246, 259 (4th Cir. 2014) (clarifying that "[a] district court does not act in aid of the appeal when it alters the status of the case as it rests before the court of appeals" (citation modified)).

That is what happened here: while this appeal was pending, the district court granted Beilharz some of the relief he seeks from this court. Accordingly, we conclude that the district court lacked jurisdiction to partially grant Beilharz's motion for reconsideration and thereby modify the garnishment disposition order due to this pending appeal. Because the order partially granting Beilharz's motion for reconsideration is a nullity, we are left to review the garnishment disposition order as originally issued on March 4.

Beilharz's primary argument on appeal is that the district court failed to consider his response in opposition before entering the garnishment disposition order. After reviewing the record, we conclude that it is not clear that the district court considered Beilharz's response in opposition before entering the garnishment disposition order. We

4

therefore vacate that order and remand for further proceedings.[2]  On remand, the district court may consider that document and the parties' subsequent filings when deciding whether a hearing is necessary to determine the proper garnishment amount.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] In light of this disposition, we deny as moot Beilharz's motion for a stay pending appeal.